# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHATAN MAULTSBY, | ) 1:12cv00033 AWI DLB PC |
| Plaintiff, | ) ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) |
| H. A. RIOS, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

Plaintiff Chatan Maultsby, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on January 6, 2012, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On January 7, 2013, Plaintiff filed a First Amended Complaint as a matter of right. Fed. R. Civ. P. 15(a). He names United States Penitentiary, Atwater, Warden H. A. Rios, Captain S. Keilman, Nurse Keilman and Correctional Officer Lt. Morgan as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the United States Penitentiary in Pollock, Louisiana. The events at issue occurred while Plaintiff was incarcerated at the United States Penitentiary in Atwater, California.

Plaintiff alleges that on June 4, 2011, he was placed in the Special Housing Unit ("SHU").  During the next three weeks, he requested sanitation supplies from Defendant

Morgan. He did not receive any supplies. Plaintiff contends that the SHU is "extremely filthy" and threatened his well-being. Compl. 3. Plaintiff alleges that due to Defendant Morgan's failure to pass out sanitation supplies, he began breaking out with rashes on his legs, arms, private area and face.

Plaintiff submitted several requests to Defendant Nurse Keilman for medical care. He alleges that Defendant Keilman arbitrarily refused medical treatment. As time passed, Plaintiff's condition became worse and he suffered both mentally and physically.

On July 4, 2011, Plaintiff submitted an Informal Resolution Form regarding the failure to pass out sanitation supplies. Exh. D. Plaintiff alleges Defendant Morgan and Defendant Captain Keilman lied in answering his Informal Resolution by stating that supplies are passed out every Sunday. He also alleges that it took them three weeks to respond.

On October 4, 2011, Plaintiff alleges that conditions and treatment in the SHU were so inhumane that suspension of recreation was necessary due to the large amount of inmates requesting medical treatment.

Based on these facts, Plaintiff alleges (1) a violation of the Eighth Amendment based on "medical neglect" and inhumane conditions in the SHU; (2) a violation of his First Amendment right to access the courts; and (3) violation of Due Process.

C.      **ANALYSIS**

  1.      *Eighth Amendment Medical Claim*

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the

defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff's deliberate indifference claim is based on his allegations that he submitted "several" requests for medical treatment to Defendant Nurse Keilman, who was responsible for medical care of inmates. He contends that Defendant Keilman "arbitrarily refused" him medical treatment and disregarded his requests. Compl. 4. Plaintiff alleges that as time went on, his rash became worse.

While it is possible to state a deliberate indifference claim based on a delay or denial of medical care, Plaintiff's allegations are too vague to do so. Without additional facts, the Court cannot determine if Plaintiff had a serious medical need or whether Defendant Nurse Keilman was deliberately indifferent.[1]

Plaintiff will be granted leave to amend this claim.

---

[1] The Court notes that Plaintiff attached a sick call slip dated December 9, 2011, as Exhibit A to his First Amended Complaint. In it, Plaintiff stated that he needed something for his rash. A health care provider responded in writing, with a thorough explanation of how to treat the rash.

2.      *Eighth Amendment Conditions of Confinement*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737; Rhodes, 452 U.S. at 346.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).  The deliberate indifference standard involves an objective and a subjective component.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer, 511 U.S. at 834 (citation omitted).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 835.

Plaintiff's claim of inhumane conditions of confinement is based on his allegation that he was not given sanitation supplies, despite asking Defendant Morgan for supplies for three weeks.

According to the exhibits attached to the First Amended Complaint, Plaintiff was requesting basic cleaning supplies.

Plaintiff's allegations, however, do not indicate that the alleged denial of cleaning supplies led to unsanitary conditions that were objectively sufficiently serious to rise to the level of an Eighth Amendment violation. He also fails to allege that Defendant Morgan "knew of and disregarded" a substantial risk of harm.[2]

Plaintiff will be granted leave to amend this claim.

3.   *First Amendment Access to Courts*

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Here, Plaintiff alleges that his right to access the courts was somehow violated because Defendants took three weeks to respond to his informal resolution, which in turn affected his ability to exhaust his administrative remedies so that he could access the court.

Plaintiff fails to state a claim for which relief may be granted. By his own admissions, Defendants ultimately responded to the request, albeit not within a time frame satisfactory to Plaintiff. Moreover, Plaintiff was able to file this action.

---

[2] The Court notes that according to the response to his Request for Administrative Remedy, which is attached as an exhibit to the First Amended Complaint, basic cleaning supplies are passed out once per week, per cell, when requested. Additional cleaning supplies are also distributed at the time of cell rotations.

To the extent that he argues that he has not received a response at the last level, this did not affect his ability to file this action. The First Amendment does not guarantee a specific result, and exhaustion issues can be litigated in the course of the action.

Plaintiff cannot cure this deficiency and therefore leave to amend this claim will not be granted.

### 4. *Due Process*

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff's due process claim appears to be related to his contention that Defendants took too long to answer his administrative grievance and/or lied in the response. However, there is no constitutionally protected right to a prison grievance process, and related alleged deficiencies therefore does not state a claim for denial of due process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

Plaintiff cannot sure this deficiency and therefore leave to amend this claim will not be granted.

### 5. *Defendant Rios*

Plaintiff states no facts against Defendant Rios his First Amended Complaint, in violation of Rule 8. If Plaintiff amends and attempts to allege a claim against Defendant Rios, he is advised that to state a claim under section 1983, he must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

D.      **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983.


IT IS SO ORDERED.

Dated:   **February 11, 2013**                          /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE