# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHATAN MAULTSBY,<br><br>          Plaintiff,<br><br>     v.<br><br>H. A. RIOS, et al.,<br><br>          Defendants. | Case No. 1:12-cv-00033-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>**THIRTY-DAY OBJECTION DEADLINE** |

Plaintiff Chatan Maultsby, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on January 6, 2012, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

On January 7, 2013, Plaintiff filed a First Amended Complaint as a matter of right. On February 12, 2013, the Court dismissed Plaintiff's First Amended Complaint with leave to amend.

Plaintiff filed a Second Amended Complaint ("SAC") on March 29, 2013. The Court dismissed his SAC with leave to amend on November 13, 2013.

On January 13, 2014, Plaintiff filed his Third Amended Complaint ("TAC"). He names United States Penitentiary, Atwater, Warden H. A. Rios, Captain S. Keilman, Nurse Keilman and Correctional Officer Lt. Morgan as Defendants.

1

A.     **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at the United States Penitentiary in Atwater, California, where the events at issue occurred.

Plaintiff's facts are the same as those alleged in his SAC. He provides considerably less factual information than he did in his First Amended Complaint.

Plaintiff's total allegations are as follows:

> Nurse Keilman arbitrarily refused me medical treatment, disregarding my requests. Captain Keilman lied about supplies are passed out every week. Lt. Morgan fail to pass out sanitation supplies. Warden H. A. Rios fail to investigate my claim on my tort claim. I requested that they monitor the video cameras every week. Also check back 9 months to prove that sanitation supplies don't get passed out.

TAC 3.

### C. ANALYSIS

1. *Eighth Amendment Medical Claim*

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

3

In the Court's first screening order, the Court explained that Plaintiff's allegations against Defendant Keilman were too vague. Specifically, the Court told Plaintiff that without additional facts, the Court could not determine if Plaintiff had a serious medical need or whether Defendant Keilman was deliberately indifferent to that need.

In his SAC, Plaintiff included *less* facts about the events at issue. He offered a legal conclusion as to Defendant Keilman, and without supporting facts, the Court explained that it could not analyze the claim. The Court provided Plaintiff with a final opportunity to amend his complaint, and explained that he must provide facts to support his allegations against Defendant Keilman. The Court also suggested facts that should be included in an amendment, such as when he asked Defendant Keilman for medical treatment, how many times he asked her, and her specific responses to his requests.

Plaintiff's TAC sets forth the exact same facts as in the SAC. He has provided no additional information and his allegations continue to be insufficient.

Therefore, Plaintiff fails to state a claim against Defendant Keilman. Plaintiff has been given two opportunities to amend, but has failed to cure the deficiencies.

    2.    *Eighth Amendment Conditions of Confinement*

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737; Rhodes, 452 U.S. at 346.

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). The deliberate indifference standard involves an objective and a subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834 (citation omitted). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835.

In the first screening order, the Court explained that Plaintiff failed to indicate that the alleged denial of sanitation supplies led to unsanitary conditions that were objectively sufficiently serious to rise to the level of an Eighth Amendment violation. The Court further explained that Plaintiff failed to allege that Defendant Morgan "knew of and disregarded" a substantial risk of harm.

In his SAC, Plaintiff provided *less* facts as to Defendant Morgan than he did in his First Amended Complaint. The Court explained that without additional facts, the Court could not properly analyze the claim. Plaintiff was provided with a final opportunity to amend his complaint, and the Court clearly stated that Plaintiff must provide facts relating to Defendant Morgan's alleged failure to pass out sanitation supplies. The Court also suggested facts that should be included, such as when he asked Defendant Morgan for supplies, how many times he asked, and Defendant Morgan's responses to his requests.

Plaintiff's TAC sets forth the exact same facts as in the SAC. He has provided no additional information and his allegations continue to be insufficient.

Therefore, Plaintiff fails to state a claim against Defendant Morgan. Plaintiff has been given two opportunities to amend, but has failed to cure the deficiencies.

5

3.     *Defendant Captain Keilman*

Plaintiff simply alleges that Defendant Keilman "lied about sanitation supplies are passed out every week." TAC 3. Although not entirely clear, it appears that Plaintiff is alleging that Defendant Keilman also violated the Eighth Amendment by lying about the frequency with which sanitation supplies are handed out.

In the prior screening order, the Court explained that Plaintiff's allegations were too vague and did not permit proper analysis. The Court told Plaintiff that he would be provided with a one final opportunity to amend, and that he must provide facts as to why he believes that Defendant Keilman lied about the sanitation supplies. The Court also suggested facts that should be included, such as how Defendant Keilman was involved in his requests for sanitation supplies and how he responded to Plaintiff's requests.

Plaintiff's TAC sets forth the exact same facts as in the SAC. He has provided no additional information and his allegations continue to be insufficient.

Therefore, Plaintiff fails to state a claim against Defendant Keilman. Plaintiff has been given two opportunities to amend, but has failed to cure the deficiencies.

4.     *Defendant Rios*

In the first screening order, the Court noted that Plaintiff failed to state *any* facts against Defendant Rios. The Court further explained that if Plaintiff attempted to amend, he must demonstrate a link between actions or omissions of Defendant Rios and the violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

In the SAC, Plaintiff alleged that Defendant Rios failed to investigate his claim that sanitation supplies were not passed out. Although it was not entirely clear, the Court determined that Plaintiff was alleging that Defendant Rios also violated the Eight Amendment when he knew about the alleged violations but failed to take action. In the screening order dismissing the SAC, the Court found that Plaintiff failed to set forth facts that suggest that Defendant Rios, as a supervisor, knew of

the violations and failed to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court provided Plaintiff with a final opportunity to amend, and explained that in amending, he must provide facts as to why he believes that Defendant Rios knew about the alleged violation and his responses to Plaintiff's complaints.

Plaintiff's TAC sets forth the exact same facts as in the SAC. He has provided no additional information and his allegations continue to be insufficient.

Therefore, Plaintiff fails to state a claim against Defendant Rios. Plaintiff has been given two opportunities to amend, but has failed to cure the deficiencies.

### D.  CONCLUSIONS AND RECOMMENDATIONS

Plaintiff's TAC fails to state a claim under section 1983. Plaintiff has been given two opportunities to amend and has failed to present any additional allegations. In fact, Plaintiff's TAC set forth the exact facts at the SAC. Plaintiff was warned in the prior screening order that he would be provided with one final opportunity to amend. He has failed to correct the deficiencies and the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court RECOMMENDS that Plaintiff's TAC be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated: __**May 22, 2014**__                             /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE